FILED

2018 JUL 31  PM 3: 52

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

TONY DAUGHERTY,                           )   CIVIL ACTION NO. 3:18cv-930-J-39MCR
                                          )
              Plaintiff,                  )
                                          )
vs.                                       )
                                          )
ELETSON CORPORATION,                      )
ELETSON MARITIME, INC.,                   )
KIMOLOS II ENE a/k/a KIMOLOS              )
II SPECIAL MARITIME ENTERPRISE,           )
                                          )
                                          )
              Defendants.                 )
_____   )

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, TONY DAUGHERTY (hereinafter, "Plaintiff"), by and

through his undersigned counsel, and hereby files this action against Defendants, ELETSON

CORPORATION, ELETSON MARITIME, INC., and KIMOLOS II ENE a/k/a KIMOLOS

II SPECIAL MARITIME ENTERPRISE, alleging as follows:

### JURISDICTION, VENUE AND PARTIES

1.      This is a maritime personal injury action brought at law against Defendants for

the recovery of damages pursuant to 28 U.S.C. § 1332(a), 33 U.S.C. § 905(b), 33 U.S.C. §

933 and the General Maritime Law.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as

this is an action between citizens of different States (and additional citizens of a foreign state)

with an amount in dispute in excess of $75,000, exclusive of interest and costs. In the alternative, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

3.     Plaintiff is and was at all material times a citizen, resident and domiciliary of Savannah, Georgia.

4.     Defendant Eletson Corporation is and was at all material times a foreign business corporation with its principal office and/or place of business located in Piraeus, Greece. At the time of the incident described below (occurring on or about August 8, 2015), Eletson Corporation was (and still is) the beneficial owner, commercial operator, charterer, owner pro hac vice, and/or technical manager of the Greek-flagged motor tanker vessel MT KIMOLOS (bearing IMO Number 9405540) upon which Plaintiff was injured.

5.     Defendant Kimolos II ENE a/k/a Kimolos II Special Maritime Enterprise is and was at all material times a foreign corporation with its principal office and/or place of business in Greece. At the time of the incident described below (occurring on or about August 8, 2015), Kimolos II ENE a/k/a Kimolos II Special Maritime Enterprise was (and is) the registered owner or operator of the vessel MT KIMOLOS upon which Plaintiff was injured.

6.     Defendant Eletson Maritime, Inc. is and was at all material times a Connecticut corporation maintaining its principal place of business in Stamford, Connecticut. Upon information and belief, at the time of the incident described below, Defendant Eletson Maritime, Inc. was (and is) an agent, operator, charterer, employer of crew, and/or manager acting on behalf of Eletson Corporation and/or Kimolos II ENE a/k/a Kimolos II Special Maritime Enterprise with respect to the MT KIMOLOS.

2

7.     At all times material hereto, Defendants engaged in substantial and not isolated activities within the State of Florida and in this District, were the owners, charterers, operators and/or managers of vessels, including the MT KIMOLOS, which navigated in the waters of Florida and/or through commercial routes in and out of Jacksonville, Florida within this District, and/or committed tortious acts within Florida and this District.

8.     Venue of this action is proper in this District Court, pursuant to 28 U.S.C. § 1391, because the events giving rise to this action occurred in Jacksonville, Florida and/or on U.S. navigable waters within this District, and the MT KIMOLOS vessel on which Plaintiff was injured was located at port within this District at the time of injury on August 8, 2015.

### GENERAL ALLEGATIONS

9.     On August 8, 2015, Plaintiff, Tony Daugherty, was employed as a ship's agent for GAC North America Shipping. On August 8, 2015, Plaintiff was assigned to board, process and clear Defendants' vessel, MT KIMOLOS, that was berthed at the Nustar Terminal in Jacksonville, Florida.

10.     After the vessel arrived at the Nustar Terminal and had been secured to the dock, Plaintiff was instructed to, and did, board the vessel via a designated portable gangway that provided access from the dock to the vessel's railing. After traversing the gangway, Plaintiff approached a designated portable stairway ladder which had been installed, placed and/or affixed by the MT KIMOLOS crew (and/or agents, servants or employees of the Defendants) as a means of providing access from the vessel's railing down to the deck of the ship. Plaintiff then carefully stepped onto the designated stairway

3

leading down to the deck. As Plaintiff began to descend the designated stairway, the entire stairway suddenly and unexpectedly shifted, causing Plaintiff to immediately lose his balance and tumble to the floor of the ship deck below, where he landed violently on his face and left arm/wrist.

11.     On impact, Plaintiff shattered his left wrist (which was his dominant side), broke his nose, suffered a concussion, and bruised his ribs and neck, causing severe swelling and bruising of his face, as well as bloody coughing episodes and other extensive injuries described further below. The fall rendered Plaintiff semi-unconscious. A KIMOLOS crewmember and/or cargo representative subsequently discovered Plaintiff, who was then transported via EMS to Shands Hospital in Jacksonville for immediate emergency treatment.

12.     Immediately following Mr. Daugherty's fall on August 8th, Plaintiff's employer, GAC North America Shipping, was notified and responded to the vessel. GAC sent its Health, Safety, Security, and Environment Officer ("HSSE Officer") to the KIMOLOS in Jacksonville to conduct an immediate investigation into the circumstances surrounding Plaintiff's injuries. GAC's HSSE Officer carefully inspected the location of the fall, including the gangway and stairway, took numerous photographs and measurements, and documented his findings.[1]

13.     On August 8, 2015, the portable deck stairway was incorrectly installed, placed, set and/or affixed by the KIMOLOS crew and/or other employees and agents of the

---

[1] A complete copy of GAC's investigation report relating to Plaintiff's incident has been provided to Defendants as part of an exchange of pre-suit communications in this matter. As set forth in the report, GAC's HSSE Officer concluded that the "stairway support brackets . . . were unsecured around the vessel railing when [Mr. Daugherty] attempted to step down to deck level. [. . .] When [Mr. Daugherty] stepped onto the stairway it shifted causing the employee to lose balance and fall."

Defendants. Specifically, on August 8th, the portable stairway was simply propped up against, but not affixed to, a portion of the deck railing that was kept together by a protruding support bracket. The support bracket prevented the portable stairway from properly clamping onto the deck railing. Had the KIMOLOS crew and/or Defendants' agents/employees installed, placed and affixed the portable stairway to the portion of the railing where there was no protruding support bracket—as was the appropriate, seaworthy, and intended manner—the portable stairway could have properly clamped onto the railing and prevented the sudden slippage that caused Mr. Daugherty's fall.

14. Defendants' agents, servants and employees, including but not limited to the KIMOLOS crew, had a duty to exercise reasonable care in the placement, installation, fixation, setup, maintenance and inspection of the portable stairway designated for access to the deck of the ship by maritime workers and/or invitees such as Plaintiff. Further, Defendants had a duty to provide a safe means of ingress to the vessel and to turn over the ship in a reasonably safe condition such that a ship's agent and/or invitee like Plaintiff could access the ship's deck with reasonable safety. Also included within Defendants' duties were the active operations duty, the duty to intervene, and the duty to warn.

15. Defendants' agents, servants and employees, including but not limited to the KIMOLOS crew, were negligent and failed to exercise reasonable care in the placement, installation, fixation, setup, maintenance and inspection of the designated stairway, failed to provide safe ingress, failed to fulfill their turnover duty, active operations duty and duty to intervene, and failed to reasonably warn of the hazard posed by the stairway, which caused serious and permanent injury to Plaintiff on August 8, 2015.

16.     Moreover, had the crewmembers of the KIMOLOS (and/or Defendants' other designated agents and employees) properly installed, inspected and/or maintained the stairway prior to allowing maritime personnel and/or designated invitees like Plaintiff to transgress the stairway, and/or otherwise provided a safe means of ingress to the vessel, or warned of reasonable hazards posed by the stairway, Mr. Daugherty's injuries would have been prevented.

17.     As vessel owners, operators, charterers and/or managers of the KIMOLOS on August 8, 2015, Defendants were and are responsible and liable for the above-referenced negligence, failures and unsafe conditions.[2]

18.     As a direct and proximate result of the negligent acts and omissions of the Defendants and their agents, servants, assigns and/or crewmembers, Plaintiff has suffered severe, permanent and life-altering bodily injuries. Specifically, as a result of his fall, Plaintiff sustained and experienced significant pain and suffering as a result of fractures of the left distal radial bone, left wrist deformity, tissue swelling, tendon friction, chest contusions, nasal bone fractures and left eye socket injury. Plaintiff has been forced to undergo multiple surgeries under anesthesia and accompanying medical procedures, including fixation surgeries with metal plate and screw placements and open reduction surgery, lidocaine and cortisone injections, imaging, pain management, prescription medication treatment, and an extensive regimen of physical therapy spanning the past three years.

---

[2] *See, e.g., Kermarec v. Compagnie*, 358 U.S. 625, 630 (1959) ("It is a settled principle of maritime law that a shipowner or its designees owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew."); *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015) (same).

19.     Plaintiff has been treated by hospitals, multiple orthopedic surgeons, physicians, physical therapists and other medical specialists and therapists over the past three years, for which he has incurred significant medical expenses.

20.     Plaintiff has incurred and will continue to incur expenses for his continued medical care, he has suffered loss of income and lost earning capacity, and has experienced significant and ongoing pain and suffering. Plaintiff's injuries are permanent, disabling, have significantly impaired his capacity for the enjoyment of life, and he continues to live with pain, suffering, disability and functional limitations. In addition, Plaintiff has experienced emotional distress, anxiety, insomnia, mental anguish, and mental and emotional pain and suffering as a result of his injuries, which are continuing and ongoing.

21.     By way of further example, over the past three years, Plaintiff has at times experienced the following limitations, pain and difficulties: inability to pronate or supinate his left hand without severe pain and shaking; inability to perform movements that requires pushing, pulling, lifting, or bending the wrist in any direction; debilitating pain preventing him from tasks such as typing, writing, eating with utensils, turning the pages of a book, opening jars, opening cat foods pouches, shaving, dressing himself, tying his shoes, using the toilet and toilet paper, vacuuming, changing a light bulb, cleaning windows, climbing a ladder, moving furniture, throwing a ball, exercising, driving an automobile, and opening/locking a door. Many of these tasks, even those that are personal in nature, have on occasion had to be performed by Mr. Daugherty's wife. Moreover, Mr. Daugherty has been limited in his ability to pursue those activities that he most enjoys, such as hunting, golf,

bowling, or weights, all of which he previously did on a regular basis. Additionally, Mr. Daugherty's physical injuries have caused extended and continual loss of sleep.

22.     The aforementioned injuries were the direct and proximate result of the Defendants' negligent operation or charter of the vessel on August 8, 2015 and/or the vessel's unsafe condition and/or Defendants' inadequate supervision, direction, instruction or training of the vessel crew, employees, servants and agents, as specified above.  Furthermore, the foregoing was known or should have been known to Defendants prior to the occurrence of Plaintiff's injuries, and it was within Defendants' ability and control to prevent the unsafe conditions and/or negligent acts.

23.     Any and all conditions precedent to the bringing of this action against these Defendants have been satisfied or waived.

### COUNT I – NEGLIGENCE AGAINST ELETSON CORPORATION UNDER 33 U.S.C. § 905(b) and/or § 933

24.     Plaintiff re-alleges Paragraphs 1-23 above and incorporates such allegations as if fully set forth herein.

25.     At the time of his injury on August 8, 2015, Plaintiff was a statutory or maritime worker within the meaning of 33 U.S.C. § 901, et seq.

26.     At the time of the incident giving rise to Plaintiff's claims, this Defendant occupied the status of a vessel owner, person other than the employer, and/or third party within the meaning of 33 U.S.C. § 905(b) and/or § 933.

27.     At the time of the incident giving rise to Plaintiff's claims, this Defendant had the exclusive right to control and/or did control or operate the KIMOLOS, including but not limited to the designated stairway that injured Plaintiff.

28.     Defendant's agents, servants and/or employees, including but not limited to the KIMOLOS crew, had a duty to exercise reasonable care in the placement, installation, fixation, setup, maintenance and inspection of the stairway designated for access to the deck of the ship by ship's agents such as Plaintiff. Further, Defendant had a duty to turn over the ship in a reasonably safe and seaworthy condition such that a ship's agent like Plaintiff could access the ship's deck with reasonable safety, it had a duty to intervene, a duty to warn, and an active operations duty.

29.     Defendant's agents, servants and/or employees, including but not limited to the KIMOLOS crew, were negligent and failed to exercise reasonable care in the placement, installation, fixation, setup, maintenance and inspection of the designated stairway, and failed to provide safe ingress to the vessel, which proximately caused serious and permanent injury to Plaintiff on August 8, 2015. Moreover, this Defendant negligently failed to warn and advise Plaintiff of potential dangers associated with use of the designated stairway in the condition then-existing on August 8, 2015. Defendant also committed other related acts of negligence which will appear more fully at the trial of this matter.

30.     As a direct and proximate result of this Defendant's negligence, Plaintiff has sustained the following elements of compensable past and future special and general damages:

        a.   Lost wages and loss of wage-earning capacity;

        b.   Medical bills and expenses;

        c.   Loss of personal services;

        d.   Physical pain and suffering;

e.  Mental and emotional suffering, stress, anguish and anxiety;

f.  Interference with activities of daily life;

g.  Interference with enjoyment of daily life;

h.  Disability and disfigurement; and

i.  All other compensable damages detailed herein which are provided under the general maritime law and which shall be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against this Defendant in the full amount of Plaintiff's damages, plus prejudgment interest, costs and all other appropriate relief.

## COUNT II - NEGLIGENCE AGAINST KIMOLOS II ENE a/k/a KIMOLOS II SPECIAL MARITIME ENTERPRISE UNDER 33 U.S.C. § 905(b) and/or § 933

31.    Plaintiff re-alleges Paragraphs 1-23 above and incorporates such allegations as if fully set forth herein.

32.    At the time of his injury on August 8, 2015, Plaintiff was a statutory or maritime worker within the meaning of 33 U.S.C. § 901, et seq.

33.    At the time of the incident giving rise to Plaintiff's claims, this Defendant occupied the status of a vessel owner, person other than the employer, and/or third party within the meaning of 33 U.S.C. § 905(b) and/or § 933.

34.    At the time of the incident giving rise to Plaintiff's claims, this Defendant had the exclusive right to control and/or did control or operate the KIMOLOS, including but not limited to the designated stairway that injured Plaintiff.

35.    Defendant's agents, servants and/or employees, including but not limited to the KIMOLOS crew, had a duty to exercise reasonable care in the placement, installation,

fixation, setup, maintenance and inspection of the stairway designated for access to the deck of the ship by ship's agents such as Plaintiff. Further, Defendant had a duty to turn over the ship in a reasonably safe and seaworthy condition such that a ship's agent like Plaintiff could access the ship's deck with reasonable safety, it had a duty to intervene, duty to warn, and an active operations duty.

36.     Defendant's agents, servants and/or employees, including but not limited to the KIMOLOS crew, were negligent and failed to exercise reasonable care in the placement, installation, fixation, setup, maintenance and inspection of the designated stairway, and failed to provide safe ingress to the vessel, which proximately caused serious and permanent injury to Plaintiff on August 8, 2015. Moreover, this Defendant negligently failed to warn and advise Plaintiff of potential dangers associated with use of the designated stairway in the condition then-existing on August 8, 2015. Defendant also committed other related acts of negligence which will appear more fully at the trial of this matter.

37.     As a direct and proximate result of this Defendant's negligence, Plaintiff has sustained the following elements of compensable past and future special and general damages:

       a.   Lost wages and loss of wage-earning capacity;

       b.   Medical bills and expenses;

       c.   Loss of personal services;

       d.   Physical pain and suffering;

       e.   Mental and emotional suffering, stress, anguish and anxiety;

       f.   Interference with activities of daily life;

g.   Interference with enjoyment of daily life;

h.   Disability and disfigurement; and

i.   All other compensable damages detailed herein which are provided under

the general maritime law and which shall be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against this Defendant in the full amount of Plaintiff's damages, plus prejudgment interest, costs and all other appropriate relief.

## COUNT III - NEGLIGENCE AGAINST ELETSON MARITIME, INC. UNDER 33 U.S.C. § 905(b) and/or § 933

38.   Plaintiff re-alleges Paragraphs 1-23 above and incorporates such allegations as if fully set forth herein.

39.   At the time of his injury on August 8, 2015, Plaintiff was a statutory or maritime worker within the meaning of 33 U.S.C. § 901, et seq.

40.   At the time of the incident giving rise to Plaintiff's claims, this Defendant occupied the status of a vessel owner, person other than the employer, and/or third party within the meaning of 33 U.S.C. § 905(b) and/or § 933.

41.   At the time of the incident giving rise to Plaintiff's claims, this Defendant had the exclusive right to control and/or did control or operate the KIMOLOS, including but not limited to the designated stairway that injured Plaintiff.

42.   Defendant's agents, servants and/or employees, including but not limited to the KIMOLOS crew, had a duty to exercise reasonable care in the placement, installation, fixation, setup, maintenance and inspection of the stairway designated for access to the deck of the ship by ship's agents such as Plaintiff. Further, Defendant had a duty to turn

over the ship in a reasonably safe and seaworthy condition such that a ship's agent like Plaintiff could access the ship's deck with reasonable safety, it had a duty to intervene, duty to warn, and an active operations duty.

43.     Defendant's agents, servants and/or employees, including but not limited to the KIMOLOS crew, were negligent and failed to exercise reasonable care in the placement, installation, fixation, setup, maintenance and inspection of the designated stairway, and failed to provide safe ingress to the vessel, which proximately caused serious and permanent injury to Plaintiff on August 8, 2015. Moreover, this Defendant negligently failed to warn and advise Plaintiff of potential dangers associated with use of the designated stairway in the condition then-existing on August 8, 2015. Defendant also committed other related acts of negligence which will appear more fully at the trial of this matter.

44.     As a direct and proximate result of this Defendant's negligence, Plaintiff has sustained the following elements of compensable past and future special and general damages:

      a.   Lost wages and loss of wage-earning capacity;

      b.   Medical bills and expenses;

      c.   Loss of personal services;

      d.   Physical pain and suffering;

      e.   Mental and emotional suffering, stress, anguish and anxiety;

      f.   Interference with activities of daily life;

      g.   Interference with enjoyment of daily life;

      h.   Disability and disfigurement; and

i.  All other compensable damages detailed herein which are provided under the general maritime law and which shall be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against this Defendant in the full amount of Plaintiff's damages, plus prejudgment interest, costs and all other appropriate relief.

## COUNT IV – GENERAL MARITIME LAW NEGLIGENCE AGAINST ALL DEFENDANTS

45.  Plaintiff re-alleges Paragraphs 1-23 above and incorporates such allegations as if fully set forth herein.

46.  In the alternative to the claims pled against Defendants above in Counts I-III, and to the extent it is determined in discovery that Plaintiff was an anticipated invitee rather than a maritime worker (under 33 U.S.C. § 901, et seq.) on August 8, 2015, Plaintiff hereby alleges this claim against all Defendants for negligence under the General Maritime Law.

47.  On August 8, 2015, Plaintiff was an anticipated invitee on the MT KIMOLOS who boarded and accessed the subject portable stairway with permission of Defendants Eletson Corporation, Eletson Maritime, Inc. and/or Kimolos II ENE a/k/a Kimolos II Special Maritime Enterprise, or their agents or assigns.

48.  On August 8, 2015, these Defendants owed Plaintiff, an invitee, a duty of reasonable care under the General Maritime Law to provide a safe and secure means of access on the vessel.[3]

---

[3] *See, e.g., Lowry v. Overseas Bulk Tank Corp.*, 62 F.3d 397, 1995 U.S. App. LEXIS 41540 (5th Cir. Tex. 1995) (finding that a ship's agent was an invitee under the general maritime law when she injured herself jumping down to a ship's deck from a gangway).

49.     Defendants' agents and employees, including but not limited to the KIMOLOS crew, had a duty to exercise reasonable care in the placement, installation, fixation, setup, maintenance, supervision and inspection of the stairway designated for access to the deck of the ship by invitees such as Plaintiff.

50.     Defendants' agents and employees, including but not limited to the KIMOLOS crew, were negligent and failed to exercise reasonable care in the placement, installation, fixation, setup, maintenance and inspection of the designated stairway, which proximately caused serious and permanent injury to Plaintiff on August 8, 2015.

51.     Moreover, the designated portable stairway presented a hazardous condition that was unable to be anticipated by Plaintiff through the exercise of ordinary care. The hazard was reasonably foreseeable to these Defendants, and Defendants breached their duties by failing to remedy or warn Plaintiff of the danger.

52.     Defendants were negligent under the General Maritime Law as a result of the acts, omissions or conduct set forth in the general allegations above, as well as other related acts of negligence which will appear more fully at the trial of this matter.

53.     As a direct and proximate result of Defendants' negligence, Plaintiff has sustained the following elements of compensable past and future special and general damages:

        a.   Lost wages and loss of wage-earning capacity;

        b.   Medical bills and expenses;

        c.   Loss of personal services;

        d.   Physical pain and suffering;

e.  Mental and emotional suffering, stress, anguish and anxiety;

f.  Interference with activities of daily life;

g.  Interference with enjoyment of daily life;

h.  Disability and disfigurement; and

i.  All other compensable damages detailed herein which are provided under the general maritime law and which shall be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against all Defendants jointly and severally in the full amount of Plaintiff's damages, plus prejudgment interest, costs and all other appropriate relief.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for each and every claim and issue set forth above.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff Tony Daugherty prays:

a.  That process issue to Defendants and that Defendants be ordered to appear and answer this Complaint;

b.  That this case be tried before a jury;

c.  That judgment be rendered for the Plaintiff and against Defendants, jointly and severally;

d.  That Plaintiff be fully compensated and awarded damages in an amount to be proven at trial, together with prejudgment interest, costs, and any other amount as may be proven herein or that justice may require; and

e.  That this Court grant such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED, this 31st day of July, 2018.

FERRELLE BURNS, P.A.


/s/ J. Rice Ferrelle, Jr.              /
**J. Rice Ferrelle, Jr.**
Florida Bar No. 835811
**Ashley A. Dodd**
Florida Bar No. 58517
Ferrelle Burns, P.A.
241 Atlantic Boulevard, Suite 203
Neptune Beach, FL 32266
(904) 372-4177
(904) 853-6984 (facsimile)
rferrelle@ferrelleburnslaw.com
adodd@ferrelleburnslaw.com


**Trial Counsel for Plaintiff Tony Daugherty**

17